**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

<table>
<tr><td>SHEKU DEEN YANSANE,</td><td></td></tr>
<tr><td style="text-align:center">Petitioner,</td><td>Case No. 24-cv-1947 (JMC)</td></tr>
<tr><td>v.</td><td></td></tr>
<tr><td>WARDEN, <em>et al.</em>,</td><td></td></tr>
<tr><td style="text-align:center">Respondents.</td><td></td></tr>
</table>

**<u>MEMORANDUM OPINION</u>**

Sheku Deen Yansane filed a pro se petition for a writ of habeas corpus. The Court dismisses the petition. Insofar as Yansane is challenging his pretrial detention, that challenge was rendered moot when he was sentenced. And the one claim Yansane put forward that presents a live controversy—whether another federal district court had the authority to revoke Yansane's supervised release and impose a term of imprisonment—fails on the merits. Yansane has not plausibly alleged that the district court lacked the authority to do so.[1]

## I.    BACKGROUND

In November 2023, Yansane was charged in the Superior Court of the District of Columbia with possession with intent to distribute a controlled substance while armed. *See United States v. Yansane* (*Yansane II*), No. 2023 CF2 008042 (D.C. Super. Ct.), Dkt. at Nov. 2, 2023 Charge Filed.[2] Yansane was initially detained without bond but, a few days later, released on his own recognizance.

---

[1] Unless otherwise indicated, the formatting of citations has been modified throughout this opinion, for example, by omitting internal quotation marks, emphases, citations, and alterations and by altering capitalization. All pincites to documents filed on the docket in this case are to the automatically generated ECF Page ID number that appears at the top of each page.

[2] On a motion to dismiss, the Court can "look to [the] record of another proceeding." *Covad Commc'ns Co. v. Bell Atl. Corp.*, 407 F.3d 1220, 1222 (D.C. Cir. 2005).

1

*See id.* at Nov. 3, 2023 Release Status: No Bond; *id.* at Nov. 6, 2023 Release Status: PR PSA.

At the time of his Superior Court charges, however, Yansane was already serving a two-year term of supervised release for a conviction in the United States District Court for the District of Maryland. *See United States v. Yansane* (*Yansane I*), No. 17-cr-0435 (D. Md.), ECF 178. Shortly after he was released by the Superior Court, Yansane's probation officer notified the District of Maryland about his new charge and moved to revoke Yansane's supervised release. *See id.* at ECF 291. When Yansane appeared for his next hearing at the Superior Court in early December, the United States Marshals served him with a warrant for his alleged violations of his supervised release conditions and took him into custody. *See Yansane II*, Dkt. at Dec. 6, 2023 Release Status: PR PSA; ECF 5 at 5.

Two days after that, the District of Maryland held an initial hearing on the petition to revoke Yansane's supervised release. *See Yansane I*, ECF 293. A Magistrate Judge ordered Yansane temporarily detained pursuant to the Bail Reform Act and then, a few days later, ordered his continued detention. *See id.* at ECF 293, ECF 297, ECF 300, ECF 301. Yansane asked the Magistrate Judge to reconsider that ruling and later appealed those detention orders to a District Judge, but his requests for release were all denied. *See id.* at ECF 305, ECF 311, ECF 312, ECF 323.

Meanwhile, at the end of January 2024, Yansane was indicted in the Superior Court on seven counts. *Yansane II*, Dkt. at Jan. 31, 2024 Indictment. In early July, Yansane entered a guilty plea to unlawful possession of a firearm. *See id.* at July 3, 2024 Change of Plea to Guilty. The Superior Court ordered Yansane detained pending sentencing. *See id.* at July 3, 2024 Commitment Pending Disposition.

Around the same time, Yansane filed his habeas petition in this Court. *See* ECF 1. He alleged that, since he was taken into custody by the Marshals in December 2023, he had been in custody related to his alleged supervised release violations. *See id.* at 2; *see also* ECF 3 at 1; ECF 4 at 1–2. His term of supervised release, however, was scheduled to end in April 2024. *See* ECF 1 at 2; *see also*

2

*Yansane I*, ECF 178 at 3 (two year term of supervised release); *id.* at ECF 291 at 1 (supervision began in April 2022). Yansane argued that the conditions predicate to exercising a "delayed revocation" power—that is, the power to "revoke a term of supervised release" after the "expiration of the term of supervised release"—were not satisfied in his case. ECF 1 at 3. For that reason, he challenged his ongoing detention for the purpose of revocation proceedings. *See id.* at 5; *see also* ECF 3 at 4.

Shortly after he filed the habeas petition, Yansane asked to withdraw his guilty plea in the Superior Court case. *See Yansane II*, Dkt. at Aug. 9, 2024 Notice of Intent of Pro Se Mot. to Withdraw Guilty Plea. The Superior Court granted that request. *See id.* at Aug. 23, 2024 Guilty Plea Withdrawn. Yansane was ultimately tried and found guilty by a jury of several charges. *See id.* at Feb. 14, 2025 Case Disposed–Jury Trial Guilty. Yansane was eventually sentenced by the Superior Court to a 23-month term of incarceration. *See id.* at July 24, 2025 Judgment and Commitment Order Filed.

After he was found guilty in the Superior Court, but around a month before he was sentenced, the District of Maryland held a final hearing on the motion to revoke Yansane's supervised release. *See Yansane I*, ECF 374. The court entered a judgment revoking Yansane's supervised release and sentenced him to a term of 18 months imprisonment. *See id.* at ECF 377. When the Superior Court sentenced Yansane the next month, it ordered its sentence to run "consecutive" to "any other sentence"—meaning Yansane's Superior Court and federal sentences would run consecutively. *Yansane II*, Dkt. at July 24, 2025 Judgment and Commitment Order Filed.

Yansane's habeas petition has remained pending in this Court while these criminal proceedings were ongoing. The Government moved to dismiss the petition, and the District of Columbia Central Detention Facility Warden joined the Government's motion. *See* ECF 11; ECF 14.

## II.     LEGAL STANDARD

"[A] case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Larsen v. U.S. Navy*, 525 F.3d 1, 3 (D.C. Cir. 2008). "Federal

courts lack jurisdiction to decide moot cases because their constitutional authority extends only to actual cases or controversies." *Id.* at 4. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

"To survive" a Rule 12(b)(6) "motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court "must treat the complaint's factual allegations as true . . . and must grant [the] plaintiff the benefit of all inferences that can be derived from the facts alleged." *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000). "[T]he pleadings of *pro se* parties are to be liberally construed and held to less stringent standards than formal pleadings drafted by lawyers." *Tyson v. Brennan*, 277 F. Supp. 3d 28, 35 (D.D.C. 2017).

## III.    ANALYSIS

Much of Yansane's petition was focused on his pretrial detention. *See, e.g.*, ECF 1 at 2 (arguing he is "[e]ntitled to a revocation hearing in a reasonable time after being taken into custody"); *id.* at 3 ("The District of Maryland Judges . . . would not release me pending the adjudication of the matter they were alleging."); ECF 3 at 3 ("[T]he court failed to set a . . . date[] for violation proceedings, which would've preserved [its] jurisdiction."). But Yansane's supervised release has now been revoked and he was sentenced for that violation. He was found guilty and sentenced in his Superior Court case, too. That moots any challenge to his pretrial detention. *See United States v. Weissberger*, 951 F.2d 392, 396 (D.C. Cir. 1991) (explaining that a challenge to an order "requiring pretrial detention . . . becomes moot upon conviction and sentence"); *see also United States v. Young*, 428 F. App'x 9, 10 (D.C. Cir. 2011) (holding that claims related to pretrial detention were "rendered moot" by conviction).

Yansane's claim that the district court lacked the authority to revoke his supervised release after his term of supervised release ended, however, presents a justiciable question. Yansane is still

4

serving—or will serve after his Superior Court sentence runs, depending on which sentence is being served first—his sentence for the supervised release violation. If he is right that the district court had no authority to impose that sentence, he could be entitled to relief. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998) ("An incarcerated convict's . . . challenge to the validity of his conviction always satisfies the case-or-controversy requirement.").

But on the merits, this claim fails. "Congress contemplated that a term of supervised release might expire before a violation could be resolved. So it enacted 18 U.S.C. § 3583(i)." *United States v. Reddick*, 778 F. Supp. 3d 121, 126–27 (D.D.C. 2025). Section 3583(i) grants federal courts the "power" to "revoke a term of supervised release for [a] violation of a condition of supervised release, and to order the defendant to serve a term of imprisonment," even after "the expiration of the term of supervised release" so long as two conditions are satisfied. 18 U.S.C. § 3583(i). First, before the term of supervised release's expiration, a "warrant or summons [was] issued on the basis of an allegation of . . . a violation" that occurred during the term of supervised release. *Id.* And second, the power must be exercised within the "period reasonably necessary for the adjudication of matters arising before" the term of supervised release ended. *Id.*; *see also Reddick*, 778 F. Supp. 3d at 127 (explaining same).

Both conditions were satisfied here. A warrant was not only issued, but Yansane was served with that warrant in December 2023, five months before his supervision term was set to elapse. *See Yansane II*, Dkt. at Dec. 6, 2023 Event Resulted: Hearing Held ("PSA Mckenzie notified the court that the defendant has an extraditable Parole warrant from Maryland. The marshals served the warrant."). "[I]t is plain," then, "that a warrant was issued and executed"—the statute only requires the first of those two things—"within [Yansane's] supervised release term relating to a potential violation of the terms of his supervised release." *United States v. Venable*, 416 F. Supp. 2d 64, 74 (D.D.C. 2006). That satisfies section 3583(i)'s first condition.

As for the second condition, there is no question that the district court resolved the revocation petition within the "period" of time that was "reasonably necessary." 18 U.S.C. § 3583(i). The court waited until after Yansane's jury trial in the Superior Court to resolve the revocation petition. *See Yansane I*, ECF 374, ECF 377. The "period of time during which the state was adjudicating . . . state criminal charges obviously and easily falls within the scope of reasonable necessity provided by § 3583(i)." *United States v. Ramos*, 401 F.3d 111, 117 (2d Cir. 2005). "Although federal courts are not required . . . to rely on state adjudications to determine whether a supervised release violation has occurred, state adjudications are plainly relevant to the federal determination of whether or not a releasee has committed a crime in violation of state law." *Id.* It is therefore generally "reasonable for [a] District Court to wait for the adjudication of the state court charges before proceeding with [a] revocation hearing." *United States v. Poellnitz*, 372 F.3d 562, 571 (3d Cir. 2004). Yansane has therefore failed to plausibly allege any defect in the revocation proceedings and the resulting imposition of a term of incarceration.

In addition to his failure to plead a violation of section 3583(i), Yansane also fails to plausibly plead that he has satisfied the threshold procedural requirements for habeas relief via 28 U.S.C. § 2241. "[T]he general rule is that a federal prisoner[] who attacks the legality of his sentence or conviction[] must first file a motion pursuant to 28 U.S.C. § 2255 before petitioning for a writ of habeas corpus under § 2241." *Larsen v. Garland*, No. 20-cv-840, 2021 WL 1061207, at *1 (D.D.C. Mar. 19, 2021). The docket in the District of Maryland, however, shows that Yansane has not filed a 2255 motion since his supervised release was revoked. *See Yansane I*, ECF 377 (last entry). And "even if [Yansane's] petition could" be "construed as a habeas petition brought under 28 U.S.C. § 2255," this was "not the court [that] sentenced" Yansane for his violation of his conditions of supervised release, "and is thus" not the court to "entertain his § 2255 petition either." *Larsen*, 2021 WL 1061207, at *1; *see* 28 U.S.C. § 2255(a).

\*        \*        \*

Respondents' motions to dismiss are **GRANTED**, ECF 11, ECF 14, and this action is **DISMISSED**. A separate order will issue.

_____
JIA M. COBB
United States District Judge

Date: March 16, 2026